**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, *et al.*<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*<br><br>*Respondents*. | Case No. 21-1024 (consolidated with No. 21-1034) |

## PETITIONERS' NON-BINDING STATEMENT OF ISSUES

California Communities Against Toxics, Downwinders at Risk, Environmental Defense Fund, Environmental Integrity Project, Hoosier Environmental Council, Louisiana Bucket Brigade, Natural Resources Defense Council, Ohio Citizen Action, Sierra Club, and Texas Environmental Justice Advocacy Services preliminarily intend to present the following issues:

1. Whether EPA's interpretation of the Clean Air Act as permitting sources to reclassify as "area sources" at any time conflicts with the statutory text or is otherwise unlawful.
2. Whether, even if the Clean Air Act permits sources to reclassify as "area sources" at any time, EPA's interpretation of the Clean Air Act as automatically relieving such reclassified sources of their obligation to comply with "maximum achievable control technology" (MACT) standards previously promulgated under 42 U.S.C. § 7412(d)(2)-(3) conflicts with the statutory text or is otherwise unlawful.
3. Whether EPA failed to consider all important aspects of the problem before it in deciding to permit sources to reclassify as area sources and thereby cease complying with MACT standards, so as to render its decision arbitrary and unlawful.
4. Whether EPA acted unlawfully and arbitrarily by failing to comply with notice-and-comment requirements before eliminating the requirement that limitations relied upon to decrease a source's "potential to emit" (PTE), for purposes of avoiding otherwise applicable Clean Air Act requirements, be federally enforceable.

5. Whether EPA acted unlawfully and arbitrarily by removing the requirement that PTE limits be federally enforceable without providing any substitute means of assuring such limits' enforceability.
6. Whether EPA failed to consider all important aspects of the problem before it when removing the requirement that PTE limits be federally enforceable without providing any substitute means of assuring such limits' enforceability.
7. Whether EPA has acted unlawfully or arbitrarily by calculating sources' PTE based on legal and regulatory obligations rather than controls that limit sources' capacity to pollute.

Respectfully submitted,

*/s/ Sanjay Narayan*

Sanjay Narayan
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
(415) 977-5769
sanjay.narayan@sierraclub.org

Counsel for Sierra Club

Vickie L. Patton
Benjamin M. Levitan
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
vpatton@edf.org
blevitan@edf.org

Counsel for Environmental Defense Fund

James Pew
Kathleen Riley
Earthjustice
1001 G. St., NW, Ste. 1000
Washington, D.C. 20001
(202) 667-4500
jpew@earthjustice.org
kriley@earthjustice.org

Counsel for California Communities Against Toxics, Downwinders At Risk, Environmental Integrity Project, Hoosier Environmental Council, Louisiana Bucket Brigade, Ohio Citizen Action, Sierra Club, and Texas Environmental Justice Advocacy Services

John Walke
Emily Davis
Natural Resources Defense Council
1152 15th St., NW, Ste. 300
Washington, D.C. 20005
(202) 289-6868
jwalke@nrdc.org
edavis@nrdc.org

Counsel for Natural Resources Defense Council

Keri N. Powell
Powell Environmental Law
315 W. Ponce de Leon Ave., Ste. 842
Decatur, GA 30030
(678) 902-4450
kpowell@powellenvironmentallaw.com

Counsel for Environmental Defense Fund

February 22, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, the foregoing Petitioners' Non-Binding Statement of Issues has been served on all registered counsel through the Court's electronic filing system.

*/s/Sanjay Narayan*
Sanjay Narayan