# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 21-1034    2. DATE DOCKETED: 01/19/2021
3. CASE NAME (lead parties only): California, et al v. EPA
4. TYPE OF CASE: ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ☐ Yes ☒ No
   If YES, cite statute
6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: Environmental Protection Agency
   b. Give agency docket or order number(s): EPA-HQ-OAR-2019-0282, 85 Fed. Reg. 73,854
   c. Give date(s) of order(s): Nov. 19, 2020
   d. Has a request for rehearing or reconsideration been filed at the agency? ☒ Yes ☐ No
      If so, when was it filled? 01/19/2021    By whom? State Petitioners California et al.
      Has the agency acted? ☐ Yes ☒ No    If so, when?
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      See attached.
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☒ Yes ☐ No    If YES, identify case name(s), docket number(s), and court(s)
      CCAT v. EPA, D.C. Circuit Case No. 21-1024 (consolidated with this petition)
   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☐ Yes ☒ No    If YES, give case name(s) and number(s) of these cases and identify court/agency:
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☐ Yes ☒ No    If YES, provide program name and participation dates.

Signature: /s/ Meredith J. Hankins    Date: 2/25/21
Name of Party (Print): State of California, by and through Attorney General Xavier Becerra and Cal. Air Resources Board
Name of Counsel for Appellant/Petitioner (Print): Meredith J. Hankins
Address: 300 S. Spring St., Suite 1702, Los Angeles, CA 90013
E-Mail: meredith.hankins@doj.ca.gov    Phone (213) 269-6177    Fax (___) ___-____

**ATTACH A CERTIFICATE OF SERVICE**

**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA Form 41
August 2009 (REVISED)

*State of California v. EPA*, No. 21-1034 – Attachment to Agency Docketing Statement (6.e.)

6.(e) Basis for State Petitioners' Standing

The State of California, by and through Attorney General Xavier Becerra, and the California Air Resources Board; the States of Delaware, Illinois, Maryland, New Jersey, New York, Oregon, Rhode Island, Washington, and Wisconsin; the Commonwealths of Massachusetts, Pennsylvania, and Virginia; the Cities of Chicago and New York (collectively, "State Petitioners") seek judicial review of the final rule of the United States Environmental Protection Agency ("EPA"), "Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act," 85 Fed. Reg. 73,854 (Nov. 19, 2020) ("Final Rule").

State Petitioners challenge the Final Rule on the grounds that it exceeds EPA's statutory authority under Section 112 of the Clean Air Act, 42 U.S.C. § 7412, and is arbitrary and capricious.

Under Section 112 of the Clean Air Act, major sources of hazardous air pollutants must comply with standards that reflect the "maximum degree of reduction in emissions … achievable." 42 U.S.C. § 7412(d)(2). By contrast, sources with emissions below the major source threshold—also known as "area sources"—are subject to less stringent emissions control standards. *Id*. § 7412(d)(5).

The Final Rule supersedes longstanding EPA policy by allowing major sources of hazardous air pollutants to be reclassified as area sources. As a result, federal law now allows facilities to increase their actual emissions of hazardous air pollutants from the "maximum degree of reduction" to just under the major source threshold, and to also avoid future emission-reduction requirements. Though some State Petitioners have promulgated some of their own standards for air toxics, State Petitioners largely rely on the federal standards to ensure emission reductions, with hundreds of facilities in California alone being subject to federal standards with no corresponding state air toxic standard. The Final Rule limits the extent to which State Petitioners can rely on federal standards going forward, and will force a choice between one of two types of injuries: spending additional resources to enforce existing state regulations and enact new ones where possible, or—as will likely be more common—suffering the harmful effects of the increase in hazardous air pollution resulting from the Final Rule.

The increases in emissions of hazardous air pollutants will injure State Petitioners in a variety of ways. The Final Rule will result in concrete harm to State Petitioners' proprietary and financial interests by afflicting vulnerable populations with adverse respiratory, cardiovascular and neurological symptoms that will require hospitalization and treatment by State Petitioners' public health care infrastructure.

The Final Rule's emission increases will also result in concrete harm to State Petitioners' quasi-sovereign interests in their environment and natural resources. And the Final Rule's emission increases will harm State Petitioners' sovereign interests as regulators, by making it more difficult for State Petitioners to attain and maintain National Ambient Air Quality Standards for criteria pollutants, for which hazardous air pollutants are often precursors. State Petitioners have standing to assert these interests. *See Massachusetts v. EPA*, 549 U.S. 497, 518-21 (2007).

For these reasons, a decision from the Court that the Final Rule is unlawful will benefit the public welfare and lessen the direct financial and regulatory burdens on State Petitioners by ensuring that major sources of hazardous air pollutants permanently achieve the "maximum degree of reduction in emissions … achievable." 42 U.S.C. § 7412(d)(2).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2021, I electronically filed the foregoing Petitioners' Non-Binding Statement of Issues with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

*/s/ Meredith J. Hankins*
MEREDITH J. HANKINS