**ORAL ARGUMENT: NOT YET SCHEDULED**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, et al.<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.<br><br>*Respondents*. | No. 21-1024<br>(Consolidated with<br>No. 21-1034) |

## CONSENT MOTION TO GOVERN FURTHER PROCEEDINGS

Pursuant to the Court's Order of March 22, 2024 (Doc. 2046424), this action was held in abeyance, with the parties to file a Motion to Govern Further Proceedings by May 17, 2024. Pursuant to an order from the President as well as the administrative petitions for reconsideration submitted by Petitioners ("Administrative Petitions"), Respondent, United States Environmental Protection Agency ("EPA"), has been conducting a review to consider the Agency's position with regard to the regulation that is the subject of this Petition for Review.

EPA has been diligently conducting that review process but it is not yet completed. EPA believes that after concluding its review process it will be in a

better position to determine how it will proceed with regard to the challenged regulation. Accordingly, EPA moves the Court to extend abeyance of this action for an additional 90 days, with motion(s) to govern further proceedings due on August 15, 2024. Petitioners in Case No. 21-1024 ("Environmental Petitioners") and Case No. 21-1034 ("State Petitioners") and Movant-Intervenors have communicated that they have no objection to this Motion.

In support of this Motion EPA submits the following:

1. These consolidated Petitions for Review challenge an EPA final rule that addresses processes for the reclassification of certain "major" and "area" stationary sources of hazardous air pollutants ("HAPs"), which are governed under section 112 of the Clean Air Act ("CAA"), 42 U.S.C. § 7412. "Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act," 85 Fed. Reg. 73,854 (Nov. 19, 2020) ("Reclassification Rule"). The Reclassification Rule further addresses, *inter alia*, the definition of "Potential to Emit" and the manner in which this concept may be enforced. *Id*.

2. The initial Petition for Review (Case No. 21-1024) was filed by Environmental Petitioners on January 15, 2021, five days before the new President was inaugurated. The Petition for Review of State Petitioners (Case No. 21-1034) was filed on January 19, 2021.

3. On January 20, 2021, President Biden issued an Executive Order that directed the heads of federal agencies (in this case EPA) to conduct a review of any agency regulation promulgated between January 20, 2017 and January 20, 2021, that may affect health and the environment, including specifically regulations relating to clean air as governed by the Clean Air Act. Executive Order No. 13990, 86 Fed. Reg. 7037 (Jan. 25, 2021). An accompanying Fact Sheet listed the Reclassification Rule as covered by the Executive Order and EPA's Acting General Counsel immediately requested that the Department of Justice ("DOJ") seek abeyance of proceedings in this and other pending challenges to EPA regulations covered by the Executive Order, to allow time for EPA to review and consider the challenged Rule.

4. Separately, on January 18 and 19, 2021, Environmental Petitioners and State Petitioners respectively submitted to EPA Administrative Petitions for reconsideration of the Reclassification Rule.

5. Pursuant to EPA's motions, the Court has held this action in abeyance to allow EPA the opportunity to conduct a review of the Reclassification Rule in response to the President's directive and the Administrative Petitions. EPA has been conducting its review and has determined that it needs additional time to fully consider the Reclassification Rule and complete the reconsideration process.

6. Consistent with the ongoing review conducted by EPA, on September 27, 2023, EPA published in the Federal Register a proposal entitled, "Review of Final Rule Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act." 88 Fed. Reg. 66,336 (Sept. 27, 2023) ("Proposed Rule"). Comments on the proposal were required to be submitted on or before November 13, 2023, *id.*, and the comment period has now closed. EPA is currently reviewing and responding to comments and will take further action as appropriate.

7. Agencies have inherent authority to reconsider past decisions and to revise, replace or repeal a decision or regulatory action to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983). As noted, EPA is conducting that process right now. It is possible that EPA's review of the Reclassification Rule and/or the Administrative Petitions could result in a determination that further rulemaking, such as a final rule or other administrative action that would revise or rescind some or all of the portions of the Reclassification Rule, is advisable. Such a determination could obviate the need for judicial resolution of some or all of the issues to be addressed by the parties, and thus abeyance could preserve the resources of the Court and the parties.

WHEREFORE, EPA moves the Court to continue abeyance of this action, with the parties to file a Motion to Govern Further Proceedings by August 15, 2024.

Respectfully submitted,

OF COUNSEL:

MATTHEW MCNERNEY
ADAN SCHWARTZ
U.S. Environmental Protection Agency
Office of General Counsel
William Jefferson Clinton Building
1200 Pennsylvania Ave., NW
Mail Code 2344A
Washington, D.C. 20460

DATE: May 17, 2024

TODD KIM
Assistant Attorney General

/s/ *Perry M. Rosen*
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044
202-353-7792
perry.rosen@usdoj.gov

*Counsel for Respondents*

5

## CERTIFICATE OF COMPLIANCE

The undersigned states that this Motion complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14-point Times New Roman type, and that this Motion complies with the length requirements of Fed. R. App. P. 27(d)(2), as this Motion contains 800 words.

So certified this 17th day of May, 2024 by

>/s/ *Perry M. Rosen*
> Perry M. Rosen
> Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties, who have registered with the Court's CM/ECF system.

So certified this 17th day of May, 2024 by

>/s/ *Perry M. Rosen*
> Perry M. Rosen
> Counsel for Respondents