## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

CALIFORNIA COMMUNITIES AGAINST
TOXICS, et al.

*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY, et al.

*Respondents*.

No. 21-1024
(Consolidated with
No. 21-1034)

## UNOPPOSED MOTION TO GOVERN FURTHER PROCEEDINGS

This case involves a challenge to a regulation promulgated by Respondent,

United States Environmental Protection Agency ("EPA") titled "Reclassification

of Major Sources as Area Sources Under Section 112 of the Clean Air Act," 85

Fed. Reg. 73,854 (Nov. 19, 2020) ("2020 Reclassification Rule"). In accordance

with the Court's Order, this action was held in abeyance, with the parties to file a

Motion to Govern Further Proceedings by March 3, 2025. Doc. 2087701.

In response to a directive from the former Administration and to

administrative petitions for reconsideration submitted by Petitioners

("Administrative Petitions"), EPA has been conducting a review to consider the

Agency's position with regard to the 2020 Reclassification Rule. EPA has been diligently conducting that review process but it is not yet completed. As this review process involves individuals at various levels of EPA, additional time is needed to allow members of the new Administration to familiarize themselves with the issues raised in the Administrative Petitions and to consider all aspects of the challenged regulation. Accordingly, EPA moves to extend abeyance of this action for an additional 90 days, with motion(s) to govern further proceedings due at the end of the extension period. Petitioners in Case No. 21-1024 ("Environmental Petitioners") and Case No. 21-1034 ("State Petitioners") report that they have no objection to this Motion. The Movant-Intervenors for Respondents were informed of this Motion and have raised no objection.

In support of this Motion EPA submits the following:

1.     These consolidated Petitions for Review challenge an EPA final rule that addresses processes for the reclassification of certain "major" and "area" stationary sources of hazardous air pollutants ("HAPs"), which are governed under section 112 of the Clean Air Act ("CAA"), 42 U.S.C. § 7412. The 2020 Reclassification Rule further addresses, *inter alia*, the definition of "Potential to Emit" and the manner in which this concept may be enforced. *Id*.

2.     The initial Petition for Review (Case No. 21-1024) was filed by Environmental Petitioners on January 15, 2021. On January 20, 2021, the

President issued an Executive Order that directed the heads of federal agencies (in this case EPA) to conduct a review of any agency regulation promulgated between January 20, 2017 and January 20, 2021, that may affect health and the environment, including specifically regulations relating to clean air as governed by the Clean Air Act. Executive Order No. 13990, 86 Fed. Reg. 7037 (Jan. 25, 2021). An accompanying Fact Sheet listed the Reclassification Rule as covered by the Executive Order and EPA's Acting General Counsel immediately requested that the Department of Justice ("DOJ") seek abeyance of proceedings in this and other pending challenges to EPA regulations covered by the Executive Order, to allow time for EPA to review and consider the challenged Rule.

3. Separately, on January 18 and 19, 2021, Environmental Petitioners and State Petitioners respectively submitted to EPA Administrative Petitions for reconsideration of the Reclassification Rule.

4. Pursuant to EPA's motions, the Court has held this action in abeyance to allow EPA to conduct a review of the 2020 Reclassification Rule in response to the President's directive and the Administrative Petitions. EPA has been conducting its review and has determined that it needs additional time to fully consider the 2020 Reclassification Rule and complete the reconsideration process. This is particularly true in light of the need for members of the new Administration to familiarize themselves with the issues raised in these proceedings.

5.      Consistent with the ongoing review conducted by EPA, on September 10, 2024, EPA published in the Federal Register a Final Rule entitled, "Review of Final Rule Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act."89 Fed. Reg. 73,293 ("2024 Reclassification Rule").  The 2024 Reclassification Rule, which involves certain issues related to the issues raised in this action, has been challenged.  *Environmental Defense Fund, et al. v. EPA*, No. 24-1354.  On February 6, 2025, this Court granted EPA's motion to hold that case in abeyance, to allow members of the new Administration time to review and consider the issues raised in the challenge to that Rule.

6.      Agencies have inherent authority to reconsider past decisions and to revise, replace or repeal a decision or regulatory action to the extent permitted by law and supported by a reasoned explanation.  *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983).  It is possible that EPA's review of the 2020 and 2024 Reclassification Rules and/or the Administrative Petitions could result in a determination that further rulemaking, such as a final rule or other administrative action that would revise or rescind some or all of the portions of the 2020 Reclassification Rule, is advisable.  Such a determination could obviate the need for judicial resolution of some or all of the issues to be addressed by the parties, and thus abeyance could preserve the resources of the Court and the parties.

WHEREFORE, EPA moves the Court to continue abeyance of this action, with the parties to file a Motion to Govern Further Proceedings ninety days from the date of the Court's order granting this Motion.

Respectfully submitted,


OF COUNSEL:

MATTHEW MCNERNEY
ADAN SCHWARTZ
U.S. Environmental Protection Agency
Office of General Counsel
William Jefferson Clinton Building
1200 Pennsylvania Ave., NW
Mail Code 2344A
Washington, D.C. 20460

DATE: March 3, 2025

LISA RUSSELL
Acting Assistant Attorney General

/s/ *Perry M. Rosen*
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044
202-353-7792
perry.rosen@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

The undersigned states that this Motion complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14-point Times New Roman type, and that this Motion complies with the length requirements of Fed. R. App. P. 27(d)(2), as this Motion contains 858 words.

So certified this 3rd day of March, 2025 by

/s/ *Perry M. Rosen*
Perry M. Rosen
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties, who have registered with the Court's CM/ECF system.

So certified this 3rd day of March, 2025 by

/s/ *Perry M. Rosen*
Perry M. Rosen
Counsel for Respondents