**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, et al.<br><br>          *Petitioners*,<br><br>    v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.<br><br>          *Respondents*. | No. 21-1024<br>(Consolidated with<br>No. 21-1034) |

## MOTION TO GOVERN FURTHER PROCEEDINGS

EPA moves to extend abeyance of this action for an additional 30 days, with motion(s) to govern further proceedings due at the end of that period. Counsel for Petitioners in Case No. 21-1024 ("Environmental Petitioners") and Case No. 21-1034 ("State Petitioners") and Movant-Intervenors for Respondents either report that they have no objection, take no position, or have not responded to counsel for Respondents' email seeking their position.

In support of this Motion EPA submits the following:

1.     These consolidated Petitions for Review challenge an EPA final rule that addresses processes for the reclassification of certain "major" and "area"

stationary sources of hazardous air pollutants ("HAPs"), which are governed under section 112 of the Clean Air Act ("CAA"), 42 U.S.C. § 7412.  Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act, 85 Fed. Reg. 73,854 (Nov. 19, 2020) ("2020 Reclassification Rule").  The 2020 Reclassification Rule further addresses, *inter alia*, the definition of "Potential to Emit" and how this concept may be enforced.  *Id*.

2.      The initial Petition for Review (Case No. 21-1024) was filed by Environmental Petitioners on January 15, 2021.  On January 20, 2021, the President issued an Executive Order that directed the heads of federal agencies (in this case EPA) to conduct a review of any agency regulation promulgated between January 20, 2017 and January 20, 2021, that may affect health and the environment, including specifically regulations relating to clean air as governed by the Clean Air Act.  Executive Order No. 13990, 86 Fed. Reg. 7037 (Jan. 25, 2021).  An accompanying Fact Sheet listed the Reclassification Rule as covered by the Executive Order and EPA's Acting General Counsel immediately requested that the Department of Justice seek abeyance of proceedings in this and other pending challenges to EPA regulations covered by the Executive Order, to allow time for EPA to review and consider the challenged Rule.

3. Separately, on January 18 and 19, 2021, Environmental Petitioners and State Petitioners respectively submitted to EPA Administrative Petitions for Reconsideration of the Reclassification Rule.

4. Consistent with EPA's ongoing review, on September 10, 2024, EPA published a new reclassification rule, entitled "Review of Final Rule Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act."89 Fed. Reg. 73,293 ("2024 Reclassification Rule"). The 2024 Reclassification Rule, which involves certain issues related to the issues raised in this action, also has been challenged and is currently in abeyance. *Environmental Defense Fund, et al. v. EPA*, No. 24-1354. Both houses of Congress have now passed a joint resolution disapproving the 2024 Reclassification Rule under the Congressional Review Act, however that resolution has not yet been signed or vetoed by the President. *See* S.J. Res. 31, 119th Cong. (2025). What happens to the 2024 Reclassification Rule could affect next steps in this litigation over the 2020 Reclassification Rule. It is thus appropriate to postpone scheduling briefing in the challenge to the 2020 Reclassification Rule pending a decision by the President on the joint resolution disapproving the 2024 Reclassification Rule.

5. As requested by EPA's motions, the Court has held this action in abeyance to allow EPA to conduct a review of the 2020 Reclassification Rule in response to the President's directive during the prior administration and the

Administrative Petitions.  In addition, in January 2025, EPA's leadership changed.

Members of the new Administration need to familiarize themselves with the issues

raised in these proceedings.

WHEREFORE, EPA moves the Court to continue abeyance of this action,

with the parties to file a Motion to Govern Further Proceedings 30 days from the

date of the Court's order granting this Motion.

Respectfully submitted,


OF COUNSEL:                                    ADAM R.F. GUSTAFSON
                                               Acting Assistant Attorney General

MATTHEW MCNERNEY
U.S. Environmental Protection Agency           *s/ Laura J. Glickman*
Office of General Counsel                      LAURA J. GLICKMAN
William Jefferson Clinton Building             United States Department of Justice
1200 Pennsylvania Ave., NW                     Environment & Natural Resources Div.
Mail Code 2344A                                Environmental Defense Section
Washington, D.C. 20460                         P.O. Box 7611
                                               Washington D.C.  20044
DATE: June 9, 2025                             202-514-6390
                                               laura.glickman@usdoj.gov

                                               *Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

The undersigned states that this Motion complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14-point Times New Roman type, and that this Motion complies with the length requirements of Fed. R. App. P. 27(d)(2), as this Motion contains 601 words.

So certified this 9th day of June, 2025 by

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties, who have registered with the Court's CM/ECF system.

So certified this 9th day of June, 2025 by

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
Counsel for Respondents
