**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, et al.<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.<br><br>*Respondents*. | No. 21-1024<br>(Consolidated with<br>No. 21-1034) |

**MOTION TO GOVERN FURTHER PROCEEDINGS**

EPA moves to extend abeyance of this action for an additional 21 days, with motion(s) to govern further proceedings due at the end of that period. Counsel for Petitioners in Case No. 21-1024 ("Environmental Petitioners") and Case No. 21-1034 ("State Petitioners") and Intervenors for Respondents do not object to this request.

In support of this Motion EPA submits the following:

1. These consolidated Petitions for Review challenge an EPA final rule that addresses processes for the reclassification of certain "major" and "area" stationary sources of hazardous air pollutants ("HAPs"), which are governed under

section 112 of the Clean Air Act ("CAA"), 42 U.S.C. § 7412. Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act, 85 Fed. Reg. 73,854 (Nov. 19, 2020) ("2020 Reclassification Rule"). The 2020 Reclassification Rule further addresses, *inter alia*, the definition of "Potential to Emit" and how this concept may be enforced. *Id*.

2. The initial Petition for Review (Case No. 21-1024) was filed by Environmental Petitioners on January 15, 2021. On January 20, 2021, the President issued an Executive Order that directed the heads of federal agencies (in this case EPA) to conduct a review of any agency regulation promulgated between January 20, 2017 and January 20, 2021, that may affect health and the environment, including specifically regulations relating to clean air as governed by the Clean Air Act. Executive Order No. 13990, 86 Fed. Reg. 7037 (Jan. 25, 2021). An accompanying Fact Sheet listed the Reclassification Rule as covered by the Executive Order and EPA moved for an abeyance to allow time for EPA to review and consider the challenged Rule. Doc. Nos. 1885810, 1892504.

3. Separately, on January 18 and 19, 2021, Environmental Petitioners and State Petitioners respectively submitted to EPA Administrative Petitions for Reconsideration of the Reclassification Rule.

4. Consistent with EPA's ongoing review, on September 10, 2024, EPA published a new reclassification rule, entitled "Review of Final Rule

Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act." 89 Fed. Reg. 73,293 ("2024 Reclassification Rule"). The 2024 Reclassification Rule, which involves certain issues related to the issues raised in this action, also has been challenged and is currently in abeyance. *Environmental Defense Fund, et al. v. EPA*, No. 24-1354. On June 20, 2025, the President signed a joint resolution disapproving the 2024 Reclassification Rule under the Congressional Review Act. *See* Pub. L. No. 119-20.

5. Accordingly, the parties are discussing a briefing schedule and format for the 2020 Reclassification Rule. Given the number of parties, EPA respectfully requests additional time to resolve these issues.

WHEREFORE, EPA moves the Court to continue abeyance of this action, with the parties to file a Motion to Govern Further Proceedings 21 days from the date of the Court's order granting this Motion.

Respectfully submitted,


ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044
(202) 514-6390

OF COUNSEL:

HOWARD HOFFMAN
U.S. Environmental Protection Agency
Office of General Counsel
William Jefferson Clinton Building
1200 Pennsylvania Ave., NW
Mail Code 2344A

Washington, D.C. 20460
laura.glickman@usdoj.gov

DATE: July 21, 2025

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

The undersigned states that this Motion complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14-point Times New Roman type, and that this Motion complies with the length requirements of Fed. R. App. P. 27(d)(2), as this Motion contains 467 words.

So certified this 21st day of July, 2025 by

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties, who have registered with the Court's CM/ECF system.

So certified this 21st day of July, 2025 by

*s/ Laura J. Glickman*
LAURA J. GLICKMAN
Counsel for Respondents