ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, *et al.*,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Respondents*. | **Case No. 21-1024 (consolidated with No. 21-1034)** |

## UNOPPOSED JOINT MOTION TO SEVER AND HOLD IN ABEYANCE SEVERAL ISSUES BEFORE THE COURT AND ESTABLISH BRIEFING SCHEDULE FOR REMAINING ISSUES

Petitioners State of California, State of Delaware, State of Illinois, Commonwealth of Massachusetts, State of New Jersey, State of New York, State of Oregon, State of Rhode Island, State of Washington, State of Wisconsin, City of Chicago, and City of New York, and Environmental Petitioners in Case No. 21-1024[1] (collectively, "Joint Petitioners") jointly submit this unopposed motion for

---

[1] California Communities Against Toxics, Downwinders at Risk, Environmental Defense Fund, Environmental Integrity Project, Hoosier Environmental Council, Louisiana Bucket Brigade, Natural Resources Defense Council, Ohio Citizen Action, Sierra Club, and Texas Environmental Justice Advocacy Services.

1

the Court's consideration. Pursuant to the Court's Order on August 15, 2025 directing the parties to file motions to govern future proceedings by September 4, 2025, Joint Petitioners move to sever and hold in abeyance several issues raised by petitioners under a new docket number, as set forth below. For the remaining issues to be briefed, the Joint Petitioners move to remove the case from abeyance and establish the briefing schedule, format, and word limits proposed below. Petitioners Commonwealth of Virginia and Commonwealth of Pennsylvania take no position on this motion. EPA takes no position on the request to sever and is unopposed to the proposed briefing schedule. The motion is unopposed by respondent-intervenors.

## BACKGROUND

These consolidated cases challenge a United States Environmental Protection Agency ("EPA") action published in November 2020, Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act, 85 Fed. Reg. 73,854 (Nov. 19, 2020) ("2020 Rule"). In the 2020 Rule, EPA took two distinct actions relevant here. First, EPA adopted regulatory provisions addressing the ability of stationary sources of hazardous air pollutants to reclassify from major to area-source status under Section 112 of the Clean Air Act. *Id.* at 73,863. Second, EPA revised the definition of a source's "potential to emit" for purposes of determining whether a facility is a major source under Section 112. *Id.* at 73,876.

In the 2020 Rule, EPA referred to this second action as an "interim ministerial revision" that was "not the EPA's final decision" on the definition of potential to emit, but instead intended only to remain in place while "EPA continues to consider the comments on this aspect of the proposal." *Id*. Some petitioners filed a petition for reconsideration of EPA's second action under the 2020 Rule, raising *inter alia* EPA's failure to comply with the Clean Air Act's procedural requirements by failing to provide adequate notice and opportunity for comment as to EPA's final decision. EPA has not yet ruled on that request.

In January 2021, petitioners in Case No. 21-1024 ("Environmental Petitioners") and Case No. 21-1034 ("State Petitioners") filed petitions for review of the 2020 Rule. The cases were consolidated and have remained in abeyance since March 31, 2021, with the Court granting multiple unopposed motions by EPA to extend the abeyance during that period. In addition, members of those petitioner groups also separately filed petitions for administrative reconsideration with EPA, pursuant to Section 307(d) of the Clean Air Act, 42 U.S.C. § 7607(d). Petition for Reconsideration of Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act, from State of California et al. (Jan. 19, 2021), EPA-HQ-OAR-2019-0282-0658, https://www.regulations.gov/comment/EPA-HQ-OAR-2019-0282-0658; Petition for Reconsideration of Reclassification of Major Sources as Area Sources Under

3

Section 112 of the Clean Air Act, from Sierra Club et al., (Jan. 18, 2021), EPA-HQ-OAR-2019-0282-0659, https://www.regulations.gov/comment/EPA-HQ-OAR-2019-0282-0659.

While this litigation remained in abeyance, EPA reviewed the 2020 Rule and published a new rule governing the effect of reclassification on certain sources. "Review of Final Rule Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act." 89 Fed. Reg. 73,293 (Sept. 10, 2024) ("2024 Rule"). The 2024 Rule did not take any action with respect to the definition of "potential to emit," but instead said that EPA would "continue[] to consider" that issue and address it in a separate final action. *Id*. at 73,298-99.

Some petitioners also challenged the 2024 Rule before this Court. *Environmental Defense Fund, et al. v. EPA*, No. 24-1354. On June 20, 2025, the President signed a joint resolution disapproving the 2024 Rule under the Congressional Review Act, Pub. L. No. 119-20; EPA, ECF No. 2128808 (D.C. Cir. filed Aug. 5, 2025) (EPA's Status Report noting the Congressional Review Act resolution of the 2024 Rule).

Since that resolution was passed, the parties have discussed a briefing schedule for the challenge to the 2020 Rule, and have agreed to the proposed severance of issues and briefing schedule described below.

4

## I. REQUEST TO SEVER AND HOLD IN ABEYANCE SEVERAL ISSUES BEFORE THE COURT

Joint Petitioners respectfully request that the Court sever and hold in abeyance several issues specified below to allow this case's briefing to focus solely on EPA's first action under the 2020 Rule, which addressed at what point, if ever, "major" sources under Section 112 of the Clean Air Act can reclassify as "area" sources ("Reclassification Timing Issues"). The statements of issues by State Petitioners, ECF No. 1887288 (D.C. Cir. filed Feb. 25, 2021), and by Environmental Petitioners, ECF No. 1886595 (D.C. Cir. filed Feb. 22, 2021) identify two distinct groups of issues for briefing. Issues 1-3 in both filings describe the Reclassification Timing Issues.

As expressed in State Petitioners' statement of issues, the Reclassification Timing Issues are:

1. Whether the 2020 Rule violates Section 112 of the Clean Air Act, 42 U.S.C. § 7412, or is arbitrary and capricious, because it allows major sources of hazardous air pollutants to be reclassified as non-major "area" sources and avoid congressionally mandated requirements applicable to major sources.

2. Whether EPA exceeded its statutory authority or acted unlawfully by allowing major sources of hazardous air pollutants to be reclassified as non-

5

major "area" sources and avoid congressionally mandated requirements applicable to major sources.

3. Whether, even if major sources of hazardous air pollutants could reclassify as non-major "area" sources, EPA exceeded its statutory authority, acted unlawfully, or promulgated an arbitrary and capricious final rule by allowing such reclassification to automatically absolve a major source's obligation to achieve the "maximum degree of reductions" or otherwise permitting increases in the source's emissions.

As expressed in Environmental Petitioners' statement of issues, the Reclassification Timing Issues are:

1. Whether EPA's interpretation of the Clean Air Act as permitting sources to reclassify as "area sources" at any time conflicts with the statutory text or is otherwise unlawful.

2. Whether, even if the Clean Air Act permits sources to reclassify as "area sources" at any time, EPA's interpretation of the Clean Air Act as automatically relieving such reclassified sources of their obligation to comply with "maximum achievable control technology" (MACT) standards previously promulgated under 42 U.S.C. § 7412(d)(2)-(3) conflicts with the statutory text or is otherwise unlawful.

3. Whether EPA failed to consider all important aspects of the problem before it in deciding to permit sources to reclassify as area sources and thereby cease complying with MACT standards, so as to render its decision arbitrary and unlawful.

The remaining issues in both petitioners' statements of issues relate to EPA's second action under the 2020 Rule, revising the regulatory definition of "potential to emit" at 40 C.F.R. section 63.2 ("PTE Issues"). Joint Petitioners move to sever and hold in abeyance those PTE Issues under a new docket number for the following reasons. First, as discussed above, EPA stated in the 2024 Rule that it would "continue[] to consider" the definition of "potential to emit," and would address it in a separate final action. 89 Fed. Reg. 73,298-99. Moreover, EPA has not yet ruled on the pending petition for reconsideration concerning EPA's compliance with the Clean Air Act's notice-and-comment requirements as to its change to the definition of "potential to emit." *See EME Homer City Generation v. EPA,* 795 F.3d 118, 137 (D.C. Cir. 2015) (As "EPA has not ruled" on request for reconsideration, the court cannot address claim that "EPA violated the Clean Air Act's notice and comment requirements by significantly amending the Rule between proposed and final versions without providing additional opportunity for notice and comment."). As EPA continues to consider those issues, the parties agree that severance of the PTE Issues and holding the PTE Issues in abeyance

would facilitate resolution of the Reclassification Timing Issues via the briefing schedule proposed in the following section.

## II. REQUEST TO ESTABLISH BRIEFING SCHEDULE FOR ISSUES TO BE REMOVED FROM ABEYANCE

Joint Petitioners request the Court to lift the abeyance and establish the proposed briefing schedule and format:

- State Petitioners and Environmental Petitioners shall file opening proof briefs in support of their petitions for review on or before January 23, 2026.

- Respondents shall file their proof brief on or before April 10, 2026.

- Respondent-Intervenors shall file their proof brief on or before April 17, 2026.

- State Petitioners and Environmental Petitioners shall file reply proof briefs on or before May 22, 2026.

- The deferred joint appendix will be due June 11, 2026. Pursuant to D.C. Cir. Rule 30 and Fed. R. App. P. 30, the parties agree and jointly request leave to file and utilize a deferred appendix for briefing.

- All parties shall file final briefs on or before June 18, 2026.

Joint Petitioners propose the following word limits for briefing:

- State Petitioners and Environmental Petitioners' initial briefs shall be limited to 13,000 words in the aggregate.

8

- Respondents' brief shall be limited to 13,000 words.

- Respondent-Intervenors' brief shall be limited to 9,100 words.

- State Petitioners and Environmental Petitioners' reply briefs shall be limited to 6,500 words in the aggregate.

Dated: September 4, 2025

                                    Respectfully Submitted,

ROB BONTA
Attorney General of California
ABIGAIL BLODGETT
Supervising Deputy Attorney General
*/s/ Kartik Raj*
KARTIK RAJ
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Telephone: (510) 879-3427
Email: Kartik.Raj@doj.ca.gov

*Attorney for Petitioner the State of California*

FOR THE STATE OF DELAWARE
KATHLEEN JENNINGS
Attorney General
*/s/ Valerie Edge*
VALERIE EDGE
VANESSA KASSAB
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Tel: (302) 577-8600
Valerie.Edge@delaware.gov
Vanessa.Kassab@delaware.gov
*Attorneys for Petitioner State of Delaware*

FOR THE STATE OF ILLINOIS
KWAME RAOUL
Attorney General
*/s/ Elizabeth Dubats*
Assistant Attorney General
Office of the Attorney General
69 W. Washington Street, 18th Floor
Chicago, IL 60602
Tel: (773) 590-6794
elizabeth.dubats@ilag.gov
*Attorneys for Petitioner State of Illinois*

FOR THE STATE OF MARYLAND
ANTHONY G. BROWN
Attorney General
*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Tel: (410) 576-6414
sgoldstein@oag.state.md.us
*Attorneys for Petitioner State of Maryland*

FOR THE COMMONWEALTH OF MASSACHUSETTS
ANDREA CAMPBELL
Attorney General
*/s/ Tracy Leigh Triplett*
TRACY LEIGH TRIPLETT
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel: (617) 727-9665
Tracy.Triplett@state.ma.gov
*Attorneys for Petitioner Commonwealth of Massachusetts*

| | |
|---|---|
| FOR THE STATE OF NEW JERSEY<br>MATTHEW J. PLATKIN<br>Attorney General<br>*/s/ Lisa Morelli*<br>LISA MORELLI<br>Deputy Attorney General<br>Division of Law<br>25 Market St., PO Box 093<br>Trenton, NJ 08625-093<br>Tel: (609) 900-0782<br>Lisa.Morelli@law.njoag.gov<br>*Attorneys for Petitioner State of New Jersey* | FOR THE STATE OF OREGON<br>DAN RAYFIELD<br>Attorney General<br>*/s/ Paul Garrahan*<br>PAUL GARRAHAN<br>Attorney-in-Charge<br>Natural Resources Section<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301-4096<br>Tel: (503) 947-4593<br>Paul.Garrahan@doj.state.or.us<br>*Attorneys for Petitioner State of Oregon* |
| FOR THE STATE OF NEW YORK<br>LETITIA JAMES<br>Attorney General<br>*/s/ Ashley M. Gregor*<br>ASHLEY M. GREGOR<br>Assistant Attorney General<br>BRIAN LUSIGNAN<br>Assistant Solicitor General<br>Environmental Protection Bureau<br>28 Liberty Street, 19th Floor<br>New York, NY 10005<br>Tel: (212) 416-8454<br>Ashley.Gregor@ag.ny.gov<br>Brian.Lusignan@ag.ny.gov<br>*Attorneys for Petitioner State of New York* | FOR THE STATE OF RHODE ISLAND<br>PETER F. NERONHA<br>Attorney General<br>*/s/ Nicholas M. Vaz*<br>NICHOLAS M. VAZ<br>ALISON H. CARNEY<br>Special Assistant Attorneys General<br>Rhode Island Office of Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>Tel: (401) 274-4400<br>nvaz@riag.ri.gov<br>acarney@riag.ri.gov<br>*Attorneys for Petitioner State of Rhode Island* |

FOR THE STATE OF WASHINGTON
NICHOLAS W. BROWN
Attorney General
*/s/ Jennifer Slocum*
JENNIFER SLOCUM
Assistant Attorney General
Washington State Attorney General's Office
P.O. Box 40117
Olympia, WA 98504
Tel: (360) 586-6770
jenna.slocum@atg.wa.gov
*Attorneys for Petitioner State of Washington*

FOR THE STATE OF WISCONSIN
JOSHUA L. KAUL
Attorney General
*/s/ Bradley Motl*
BRADLEY J. MOTL
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-9945
bradley.motl@wisdoj.gov
*Attorneys for Petitioner State of Wisconsin*

FOR THE CITY OF CHICAGO
MARY B. RICHARDSON-LOWRY
Corporation Counsel
*/s/ Myriam Z. Kasper*
MYRIAM Z. KASPER
Deputy Corporation Counsel
City of Chicago Department of Law
2 N. LaSalle Street, S. 580
Chicago, IL 60602
Tel: (312) 744-3564
Myriam.Kasper@cityofchicago.org
*Attorneys for Petitioner City of Chicago*

FOR THE CITY OF NEW YORK
MURIEL GOODE-TRUFANT
New York City Corporation Counsel
*/s/Christopher G. King*
CHRISTOPHER G. KING
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2074
cking@law.nyc.gov
*Attorneys for Petitioner City of New York*

*/s/ Sanjay Narayan*
Sanjay Narayan
Sierra Club Environmental Law Program
2101 Webster St., Ste. 1300
Oakland, CA 94612
(415) 977-5769
sanjay.narayan@sierraclub.org

*Counsel for Sierra Club*

*/s/ James Pew*
James Pew
Kathleen Riley
Earthjustice
1001 G. St., NW, Ste. 1000
Washington, D.C. 20001
(202) 667-4500
jpew@earthjustice.org
kriley@earthjustice.org

*Counsel for California Communities Against Air Toxics, Downwinders At Risk, Environmental Integrity Project, Hoosier Environmental Council, Louisiana Bucket Brigade, and Sierra Club*

*/s/ John Walke*
John Walke
Emily Davis
Natural Resources Defense Council
1152 15th St., NW, Ste. 300
Washington, D.C. 20005
(202) 289-6868
jwalke@nrdc.org
edavis@nrdc.org

*Counsel for Natural Resources Defense Council*

*/s/ Vickie L. Patton*
Vickie L. Patton
Noha Haggag
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
vpatton@edf.org
nhaggag@edf.org

*Counsel for Environmental Defense Fund*

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I caused a copy of the foregoing **UNOPPOSED JOINT MOTION TO SEVER AND HOLD IN ABEYANCE SEVERAL ISSUES BEFORE THE COURT AND ESTABLISH BRIEFING SCHEDULE FOR REMAINING ISSUES** to be filed with the Clerk of the Court using the Court's CM/ECF system, and that, therefore, service was accomplished upon counsel of record by the Court's system.

                                              */s/ Kartik Raj*
                                              KARTIK RAJ

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing **UNOPPOSED JOINT MOTION TO SEVER AND HOLD IN ABEYANCE SEVERAL ISSUES BEFORE THE COURT AND ESTABLISH BRIEFING SCHEDULE FOR REMAINING ISSUES** is printed in a proportionally spaced font of 14 points and that, according to the word-count program in Microsoft Word, it contains 2,416 words.

　　　　　　　　　　　　　　　　　　*/s/ Kartik Raj*
　　　　　　　　　　　　　　　　　　KARTIK RAJ