# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-1024**

**September Term, 2025**

**EPA-85FR73854**

**Filed On: November 12, 2025**

California Communities Against Toxics, et al.,

      Petitioners

    v.

Environmental Protection Agency and Lee M. Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency,

      Respondents

------------------------------

Air Permitting Forum, et al.,
      Intervenors

------------------------------

Consolidated with 21-1034

_____

**No. 25-1259**

**EPA-85FR73854**

California Communities Against Toxics, et al.,

      Petitioners

    v.

Environmental Protection Agency and Lee M. Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency,

      Respondents

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-1024**                              **September Term, 2025**

## O R D E R

Upon consideration of the unopposed joint motion to sever and hold in abeyance several issues before the court and establish briefing schedule for remaining issues, it is

**ORDERED** that the motion be granted and these consolidated cases be returned to the court's active docket. It is

**FURTHER ORDERED** that issues related to EPA's revision of the regulatory definition of "potential to emit" at 40 C.F.R. § 63.2 be severed, assigned a separate docket number, No. 25-1259, captioned <u>California Communities Against Toxics, et al. v. EPA, et al.</u> and held in abeyance pending further order of the court. Any intervenor in No. 21-1024, et al., who wishes to participate in No. 25-1259 is directed to notify the court in writing within 30 days of the date of this order, and, if seeking to participate as an intervenor, should indicate which party it supports. EPA is directed to file status reports in No. 25-1259 at 90-day intervals beginning February 3, 2026. The parties in No. 25-1259 are directed to file motions to govern further proceedings within 30 days of the completion of agency proceedings regarding the definition of "potential to emit," including the disposition of the pending petition for reconsideration. It is

**FURTHER ORDERED** that the following briefing format and schedule will apply in No. 21-1024, et al.:

| | |
|---|---|
| Petitioners' Brief(s)<br>(up to two briefs, not to exceed<br>13,000 words in the aggregate) | January 23, 2026 |
| Respondents' Brief<br>(not to exceed 13,000 words) | April 10, 2026 |
| Respondent-Intervenors' Brief<br>(not to exceed 9,100 words) | April 17, 2026 |
| Petitioners' Reply Brief(s)<br>(up to two briefs, not to exceed<br>6,500 words in the aggregate) | May 22, 2026 |
| Deferred Appendix | June 11, 2026 |
| Final Briefs | June 18, 2026 |

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-1024**                                **September Term, 2025**

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that:

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

Petitioners should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

                                    **FOR THE COURT:**
                                    Clifton B. Cislak, Clerk

                        BY:    /s/
                               Scott H. Atchue
                               Deputy Clerk