**ORAL ARGUMENT: NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, et al.<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.<br><br>*Respondents*. | No. 21-1024<br>(Consolidated with<br>No. 21-1034) |

**STATUS REPORT**

Pursuant to the Court's Order of September 20, 2022 (Doc. 1965009), Respondent, United States Environmental Protection Agency ("EPA"), hereby reports the status of this action as follows:

1. These consolidated Petitions for Review challenge an EPA final rule that addresses processes for the reclassification of certain "major" and "area" stationary sources of hazardous air pollutants ("HAPs"), which are governed under section 112 of the Clean Air Act ("CAA"), 42 U.S.C. § 7412. "Reclassification of Major Sources as Area Sources Under Section 112 of the Clean Air Act," 85 Fed. Reg. 73,854 (Nov. 19, 2020) ("Reclassification Rule"). The Reclassification Rule

further addresses, *inter alia*, the definition of "Potential to Emit" and the manner in which this concept may be enforced. *Id*.

    2.    The initial Petition for Review (Case No. 21-1024) was filed by Environmental Petitioners on January 15, 2021, five days before the new President was inaugurated. The Petition for Review of State Petitioners (Case No. 21-1034) was filed on January 19, 2021.

    3.    On January 20, 2021, President Biden issued an Executive Order that directed the heads of federal agencies (in this case EPA) to conduct a review of any agency regulation promulgated between January 20, 2017 and January 20, 2021, that may affect health and the environment, including specifically regulations relating to clean air as governed by the Clean Air Act. Executive Order No. 13990, 86 Fed. Reg. 7037 (Jan. 25, 2021). An accompanying Fact Sheet listed the Reclassification Rule as covered by the Executive Order and EPA's Acting General Counsel immediately requested that the Department of Justice ("DOJ") seek abeyance of proceedings in this and other pending challenges to EPA regulations covered by the Executive Order, to allow time for EPA to review and consider the challenged Rule.

    4.    Separately, on January 18 and 19, 2021, Environmental Petitioners and State Petitioners respectively submitted to EPA Administrative Petitions for reconsideration of the Reclassification Rule.

5. Pursuant to EPA's motions, the Court has held this action in abeyance to allow EPA the opportunity to conduct a review of the Reclassification Rule in response to the President's directive and the Administrative Petitions. EPA has been conducting its review and has determined that it needs additional time to fully consider the Reclassification Rule.

6. Agencies have inherent authority to reconsider past decisions and to revise, replace or repeal a decision or regulatory action to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983). It is possible that EPA's review of the Reclassification Rule and/or the Administrative Petitions could result in a determination that further rulemaking or other administrative action that would revise or rescind some or all of the portions of the Reclassification Rule is advisable. Such a determination could obviate the need for judicial resolution of some or all of the issues to be addressed by the parties, and thus abeyance could preserve the resources of the Court and the parties.

7. EPA intends to continue its review and work described herein and file a Motion to Govern Further Proceedings on or before March 20, 2023, in accordance with the Court's September 20, 2022 Order.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br><br>SCOTT JORDAN<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>William Jefferson Clinton Building<br>1200 Pennsylvania Ave., NW<br>Mail Code 2344A<br>Washington, D.C. 20460<br><br>DATE: December 12, 2022 | TODD KIM<br>Assistant Attorney General<br><br>/s/ *Perry M. Rosen*<br>PERRY M. ROSEN<br>United States Department of Justice<br>Environment & Natural Resources Div.<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington D.C.  20044<br>202-353-7792<br>perry.rosen@usdoj.gov<br><br>*Counsel for Respondents* |

## CERTIFICATE OF COMPLIANCE

The undersigned states that this Motion complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14 point Times New Roman type, and that this Motion complies with the length requirements of Fed. R. App. P. 27(d)(2), as this Motion contains 542 words.

So certified this 12th day of December, 2022 by

> /s/ *Perry M. Rosen*
> Perry M. Rosen
> Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties, who have registered with the Court's CM/ECF system.

So certified this 12th day of December, 2022 by

> /s/ *Perry M. Rosen*
> Perry M. Rosen
> Counsel for Respondents